TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 93-111 |
| of | : | |
| | : | MARCH 23, 1993 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

HESPERIA BUSINESS ASSOCIATION, ADD SMITH, and KEN MURPHY ("relators") have requested this office to grant leave to sue Robert May ("defendant") in quo warranto pursuant to section 803 of the Code of Civil Procedure to test defendant's right to hold concurrently the positions of Fire Chief of the Hesperia Fire Protection District, director of the Hesperia Fire Protection District, and member of the Hesperia City Council.

ISSUES OF FACT OR LAW

Is the position of Fire Chief of the Hesperia Fire Protection District a public office? If so, is the holding of that office incompatible with concurrent membership on the board of directors of the Hesperia Fire Protection District and membership on the Hesperia City Council?

CONCLUSION

Whether the position of Fire Chief of the Hesperia Fire Protection District is a public office presents a substantial question of fact and law. Leave to sue in quo warranto is granted to test the right of defendant to hold concurrently the positions of Fire Chief of the Hesperia Fire Protection District, director of the Hesperia Fire Protection District, and member of the Hesperia City Council.

MATERIAL FACTS

On or about July 1, 1991, defendant was appointed to the position of Fire Chief of the Hesperia Fire Protection District. At a general election held in the City of Hesperia on November 3, 1992, defendant was elected to the Hesperia City Council. He entered upon his duties as a city council member on January 1, 1993. By virtue of his position as a city council member,

1.                                                                93-111

defendant also serves as a director of the Hesperia Fire Protection District.[1]  Defendant is presently exercising the duties of city council member, fire protection district board member, and fire chief.

## CRITERIA FOR QUO WARRANTO

Code of Civil Procedure section 803 authorizes the Attorney General to bring an action "in the name of the people . . . upon a complaint of a private person, against any person who usurps, intrudes into, or unlawfully holds or exercises any public office. . . ."  The action authorized is "in the nature of quo warranto." (*International Assn. of Fire Fighters* v. *City of Oakland* (1985) 174 Cal.App.3d 687, 693.)  The Attorney General considers the following factors in determining whether to grant leave to sue:  (1) whether the application has raised a substantial issue of fact or law and (2) whether it would be in the public interest to grant leave to sue. (75 Ops.Cal.Atty.Gen. 8, 9-10 (1992); 72 Ops.Cal.Atty.Gen. 15, 19 (1989).)

## ANALYSIS

The relator's application for leave to sue concerns the common law prohibition against the holding of incompatible public offices.  The prohibition prevents a person from holding simultaneously two public offices if the performance of the duties of either office could have an adverse effect on the other. (68 Ops.Cal.Atty.Gen. 337, 338-339 (1985).)  In 73 Ops.Cal.Atty.Gen. 183, 183-184 (1990), we quoted from previous opinions as follows:

> "`"Offices are incompatible, in the absence of statutes suggesting a contrary result, if there is any significant clash of duties or loyalties between the offices, if the dual office holding would be improper for reasons of public policy, or if either officer exercises a supervisory, auditory, or removal power over the other." [Citation.]

> "`. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

> "`". . . A public officer who enters upon the duties of a second office automatically vacates the first office if the two are incompatible. [Citation.]  Both positions, however, must be offices.  If one or both of the positions is a mere employment as opposed to a public office, the doctrine does not apply. [Citation.]"'"

For purposes of the prohibition, we have summarized the nature of a "public office" as (1) a position in government, (2) which is created or authorized by the Constitution or by law, (3) the tenure of which is continuing and permanent, not occasional or temporary, (4) in which the incumbent performs a public function for the public benefit and exercises some of the sovereign powers of the state. (73 Ops.Cal.Atty.Gen., *supra*, 184; 68 Ops.Cal.Atty.Gen., *supra*, 342.)

In *Schaefer* v. *Superior Court* (1952) 113 Cal.App.2d 428, 432-433, the court clarified the meaning of "the sovereign powers of the state" as follows:

---

[1]  The fire protection district was in existence when the City of Hesperia was incorporated on July 1, 1988.  Pursuant to the Cortese-Knox Local Government Reorganization Act of 1985 (Gov. Code, § 56000, et seq.), the district became a subsidiary district of the City of Hesperia following the city's incorporation.  (See Gov. Code, §§ 56117, 56829, 57085, 57087, 57534.)  A "subsidiary district" is a district of limited powers, such as a fire protection district, for which a city council is designated as, and empowered to act as, the ex officio board of directors of the district. (Gov. Code, § 56078.)

"If specific statutory and independent duties are imposed upon an appointee in relation to the exercise of the police powers of the State, if the appointee is invested with independent power in the disposition of public property or with the power to incur financial obligations upon the part of the county or state, if he is empowered to act in those multitudinous cases involving business or political dealings between individuals and the public, wherein the latter must necessarily act through an official agency, then such functions are a part of the sovereignty of the state."

We have previously determined that a member of a city council holds a public office for purposes of the incompatibility of offices doctrine. (74 Ops.Cal.Atty.Gen. 82, 83-34 (1991).) Nor do we have any difficulty in concluding that a member of the board of directors of a fire protection district also holds a public office. (See Health & Saf. Code, §§ 13840, 13861.)[2] The critical issue to be resolved is whether the position of district fire chief is a public office as distinguished from a mere employment.

Initially we note that here the position of fire chief of the fire protection district existed before the district became a subsidiary of the city. Section 57534 explains the effect of creating a subsidiary district:

"On and after the effective date of an order establishing a district of limited powers as a subsidiary district of a city, the city council shall be designated as, and empowered to act as, ex officio the board of directors of the district. The district shall continue in existence with all of the powers, rights, duties, obligations, and functions provided for by the principal act [Fire Protection District Law of 1987, § 13800, et seq.], except for any provisions relating to the selection or removal of the members of the board of directors of the district."

Under these circumstances we may assume that the position in question continues to be responsible to the board of directors of the Hesperia Fire Protection District and does not exist as a city office per se.[3]

We have previously determined that neither a city fire division chief (74 Ops.Cal.Atty.Gen., *supra*, 84) nor a district fire captain II (68 Ops.Cal.Atty.Gen., *supra*, 347) holds a public office for purposes of the incompatibility of offices doctrine. On the other hand, we have found the position of district fire chief created under a prior statutory scheme to be a public office. (66 Ops.Cal.Atty.Gen. 176, 178-179 (1983).) The latter opinion, however, relied upon case law (*Humbert* v. *Castro Valley Fire Protection District* (1963) 214 Cal.App.2d 1) which we subsequently determined did not involve the incompatibility of offices doctrine and was thus not controlling precedent on the meaning of a public office for purposes of the doctrine. (68 Ops.Cal.Atty.Gen., *supra*, 347, fn. 4).)

---

[2] All references hereafter to the Health and Safety Code are by section number only.

[3] In this regard, we note that "[t]he government of a general law city is vested in: . . . [a] fire chief . . . " (Gov. Code, § 36501, subd. (e)), but that "no general law city shall be required to appoint or elect a fire chief or establish a fire department if such city is included within the boundaries of an established fire protection district" (Gov. Code, § 38611). If a city chooses to have its own fire chief, the position of city fire chief would appear to qualify as a public office under the terms of Government Code section 36501.

Applying the factors specified in our prior opinions concerning the requirements of a public office, we note that while the Fire Protection District Law of 1987 (§ 13800, et seq.) does not directly create the position of fire chief, it does provide a specific authority for the position as set forth in section 13872:

"A district may, by ordinance, authorize its fire chief, or his or her duly authorized representative to issue citations for the misdemeanors specified in Section 13871 [violation of a fire prevention code or a district ordinance; failure or refusal to correct or eliminate a fire or life hazard after written order of a district board or its authorized representative; falsely impersonating a member of a district board or an officer or employee of a district]."

The legislative scheme also provides in section 13861 that a district shall have, inter alia, the power to "appoint necessary employees, to define their qualifications and duties, and to provide a pay schedule for the performance of their duties." It is clear, then, that the position of district fire chief is one that is authorized by law.

Unlike the position of the fire captain II discussed in 68 Ops.Cal.Atty.Gen., *supra*, 346-347, defendant's position as district fire chief is a full time one, and he is responsible for the supervision of all employees of the fire department. The services of defendant are therefore "continuing and permanent, not occasional or temporary."

Without question, defendant performs a public function for the public benefit. Does he also exercise some of the sovereign powers of the state? As indicated in *Schaefer* v. *Superior Court*, *supra*, 113 Cal.App.2d at 432, one of the factors which will independently establish such authority is the existence of "specific statutory and independent duties [that are] imposed upon an appointee in relation to the exercise of the police powers of the State. . . ." Such duties on the part of defendant may be seen in section 13872, which, as discussed above, specifically provides that a fire chief may issue misdemeanor citations for violations of certain codes, ordinances, or orders if his or her district has enacted an ordinance vesting the fire chief with such authority. Defendant has been vested with such authority, and misdemeanor citations have been issued pursuant thereto.

In addition, as previously noted, we concluded in 66 Ops.Cal.Atty.Gen., *supra*, 337, that under the Fire Protection District Law of 1961 (former § 13801, et seq.), the fire chief of a county fire protection district was a public officer under the incompatibility of offices doctrine. The circumstances indicating that a fire chief holds a public office appear no less probable under the Fire Protection District Law of 1987 than they were under the Fire Protection District Law of 1961. Thus we conclude that whether the position of Fire Chief of the Hesperia Fire Protection District is a public office for purposes of the incompatibility of offices prohibition presents substantial questions of fact and law.

We next turn to the question of whether the positions of district fire chief, member of the board of directors of the fire protection district, and member of the city council are incompatible, assuming the position of fire chief to be an office. Having been elected to the body which serves as the district board of directors, defendant may be said to occupy an office from which he would be able to exercise supervisory, auditory, or removal power over his position of district fire chief.[4]

_____

[4] We note that the Legislature was sensitive to the possibility that an incompatibility of offices could exist as between the offices of city council member and board member of a subsidiary fire protection district. Government Code section 57535 states:

The class specification for defendant as fire chief states that he operates "[u]nder general supervision . . ." without indicating the source of such supervision. Since the Fire District Protection Act of 1987 establishes no positions other than those of board officers (see § 13853) and as the district board retained all of the powers that it held prior to the incorporation of the city, we believe that supervisory, auditory, and removal power over the fire chief is to be exercised directly by the district board.[5] Furthermore, subdivision (d) of section 13861 provides that a fire protection district has the power to "appoint necessary employees, to define their qualifications and duties, and to provide a pay schedule for performance of their duties."[6] This power ultimately resides in the district board and gives the board full authority over all personnel, including the fire chief.[7]

As noted in *People ex rel. Chapman* v. *Rapsey* (1940) 16 Cal.2d 636, 642:

". . . The inconsistency, which at common law makes offices incompatible, does not consist in the physical impossibility to discharge the duties of both offices, but lies rather in a conflict of interest, as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or whether the incumbent of one of the offices has the power to remove the incumbent of the other or to audit the accounts of the other."

We have followed this language from *Rapsey* in a variety of contexts. (See, e.g., 22 Ops.Cal.Atty.Gen. 83, 87-88 (1953) [offices of city administrator and city treasurer incompatible; latter office subordinate to the former]; 4 Ops.Cal.Atty.Gen. 261, 261-262 (1944) [offices of city council member and city attorney incompatible; the one would exercise control over the other].)

---

"If any court determines that any incompatibility exists by reason of the same person or persons holding office both as a member of the city council and as a member of the board of directors of a subsidiary district, the court shall order the vacation of the office of that person as a member of the board of directors, but not as a member of the city council, and shall order the membership of the board of directors to be selected in the manner provided by the principal act."

Here, of course, the "principal act" makes the city council members the board of directors of the district. (§ 57534.) Accordingly, the incompatible offices doctrine is rendered inapplicable with respect to these two offices, as the Legislature has expressly provided for their concurrent holding. (See *American Canyon Fire Department* v. *County of Napa* (1983) 141 Cal.App.3d 100, 104-106; 74 Ops.Cal.Atty.Gen. 116, 117 (1991); 74 Ops.Cal.Atty.Gen. 86, 87-88 (1991); 66 Ops.Cal.Atty.Gen. 382, 387-388 (1983).)

[5] We note that the district has not been formally merged into the city government (pursuant to the Cortese-Knox Local Government Reorganization Act of 1985, Gov. Code, § 56000, et seq.) and therefore maintains a separate identity from the city. However, even if the city manager was deemed to be the appointing authority for the position of fire chief, defendant's office as member of the city council would enable him to exert direct influence over his own appointing authority. Thus, regardless of whether the fire chief is under the direct supervision of the district board or the city manager, defendant occupies a position which is subordinate to his public office.

[6] Section 13802, subdivision (e), defines employees as including "any personnel of the district . . . ."

[7] Section 13840 provides: "Every district shall be governed by a legislative body known as a board of directors."

Assuming, therefore, that the position of a fire chief of a subsidiary fire protection district is a public office, we find substantial questions of fact and law as to whether such an office is incompatible with the offices of city council member and director of the district.

Finally, we turn to the other criterion for granting leave to sue in quo warranto: whether it would be in the public interest. While there is an allegation that the relators have a personal interest in this application, we note that such a factor might be a consideration *taken with others* in determining whether the public interest would be served in granting leave to sue. (See, e.g., *City of Campbell* v. *Mosk* (1961) 197 Cal.App.2d 640, 648-649; 36 Ops.Cal.Atty.Gen. 317, 320 (1960); 75 Ops.Cal.Atty.Gen. 112, 116 (1992).) However, our quo warranto regulations presuppose and state that "any person" may file a quo warranto application. (Cal. Code Regs., tit. 11, § 1.) We normally do not attempt to assess the motivation of individual relators. In deciding whether to grant or deny leave to sue, we focus upon the public interest as our paramount concern. (See *City of Campbell* v. *Mosk, supra*, 197 Cal.App.2d at pp. 648-650; 75 Ops.Cal.Atty.Gen., *supra*, 117.)

Here, defendant's term of office as a fire protection district director began on January 1, 1993, and his holding of the three positions concurrently will continue for several more years unless leave to sue is granted to test its propriety. To deny the application would be contrary to the public interest. Accordingly, leave to sue should be and is hereby granted.[8]

\* \* \* \* \*

---

[8] On July 9, 1992, defendant filed a complaint for declaratory relief against the City of Hesperia and its city manager. The action seeks judicial review of defendant's three-day suspension from his position as fire chief which was ordered by the city manager on the grounds of insubordination stemming from defendant's refusal to terminate a probationary fire marshal. It maintains inter alia that the fire department is under the direction and control of the Hesperia Fire Protection District board of directors and that the overall management of fire suppression activities within the jurisdiction of the City of Hesperia is the sole responsibility of the fire chief.

We have previously determined that it would not serve the public interest to grant an application pursuant to section 803 of the Code of Civil Procedure when the issues to be resolved in such action are already pending in court. (73 Ops.Cal.Atty.Gen. 188, 190 (1990).) Here, however, the issues of the existence of a public office and the incompatibility of that office with another are not pending in the declaratory relief action because, as indicated elsewhere in this opinion, the position of fire chief may be a public office regardless of whether it is under district or city control; moreover, it is subordinate to the city council/district board in any event.